David GRAY, Jr., Plaintiff-Appellant,

v.

J. A. SHERRIL et al.,
Defendants-Appellees.

No. 76–1445

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1976.

Melvin Robinson, Atlanta, Ga., for plaintiff-appellant.

Ralph C. Jenkins, Ferrin Y. Mathews, J. M. Harris, Jr., Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Plaintiff appeals from a judgment entered on a jury verdict in favor of defendants in this section 1983 action, 42 U.S.C. § 1983. Appellant is a 69-year-old citizen of Atlanta, Georgia; appellees are police officers of that city. Appellant asserts as grounds for reversal two alleged errors by the trial judge. We find no merit in either contention and affirm the judgment.

The facts of this case are disputed, but can be concisely stated. The police officers testified that they asked appellant to produce his pistol carrier's license after they noticed the flagrant manner in which he was carrying the gun. According to the officers, appellant's response was to direct profane and abusive language to them and to run out into a major street intersection. The officers then arrested appellant for using profanity, creating a disturbance, and fleeing from the scene of an arrest. Appellant's version of the incident was that the officers grabbed him for no apparent reason and told him he was too old to carry a gun. He then requested a pencil in order to record the officers' badge numbers. He further testified that appellees became infuriated, used obscene language, and arrested him. The jury obviously chose to believe the officers' version.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

■ Appellant first contends that the court erred in not granting a mistrial after appellees' counsel referred to the fact that the city did not insure the officers against section 1983 liability. Although appellant's counsel failed to object to the question in which the issue was raised, the court immediately objected sua sponte and forthwith instructed the jury to disregard the question and the answer. Any damage to appellant was surely cured by the prompt action of the trial judge. *Lacaze v. Olendorff,* 526 F.2d 1213, 1222–23 (5th Cir. 1976); *Domeracki v. Humble Oil & Refining Co.,* 443 F.2d 1245, 1248 (3d Cir. 1971).

■ Appellant also contends that the trial court erred in allowing, over objection, testimony from a witness concerning appellant's character trait of having emotional outbursts and of being argumentative. Appellant put this fact in issue by testifying that he was a calm and temperate man, one who would not have provoked the incident. The defense was entitled to rebut such testimony. *Cf. Kilgore v. United States,* 467 F.2d 22, 26 (5th Cir. 1972); *United States v. Davenport,* 449 F.2d 696, 699 (5th Cir. 1971).

Judgment AFFIRMED.